Dear Mr. Jefferson:
You requested an opinion of this office concerning the meaning of portions of Section 6 of Act 43 of 1884 ("Act" or "1884 Act"), which concerns legislative scholarships to Tulane University of Louisiana ("Tulane"). More specifically, you ask whether a legislator may only nominate a resident of his or her own parish for a scholarship to Tulane under the Act, or he/she may nominate a resident of another parish in Louisiana. For reasons stated below, it is the opinion of this office that a legislator may nominate a student from among all residents of the state, within or outside his/her parish or district.
The legislative scholarships provided by Tulane to nominees of legislators arise from an agreement between the Board of Administrators of the Tulane Education Fund ("Board") and the State of Louisiana which transferred to the Board, a private corporation, all the property of the University of Louisiana, to be administered to maintain a new university named Tulane University of Louisiana. This agreement was codified in Act 43 of 1884, approved July 5, 1884. The 1884 Act was ratified as a constitutional amendment to the Louisiana Constitution of 1879. It has since continued to be incorporated into all subsequent Louisiana Constitutions. Currently, La. Const. art. VIII, § 14
provides that "[t]he Tulane University of Louisiana in New Orleans is recognized as created and to be developed in accordance with Act No. 43 approved July 5, 1884."
Section 6 of the 1884 Act established the legislative scholarships, whereby the Board received public property and exemptions from taxes in exchange for granting scholarships to nominees of members of Louisiana's legislature. Section 7 of the 1884 Act declared that the Act in all its provisions should constitute a contract between the State and the Board, and Section 8 submitted the Act in all its terms for ratification as a constitutional amendment, whereby the Act was to be incorporated in the Constitution of 1879.
Section 6 of the 1884 Act, as originally enacted, read in pertinent part, as follows:
 "[. . .] as an additional consideration between the parties to this act, the said Board agrees to give continuously, in the academic department, free tuition to one student from each Senatorial and from each Representative district or parish, to be nominated by its member in the General Assembly from among the bona fide residents of his district or parish, who shall comply with the requirements for admission established by said Board. The meaning of this provision being [sic] that each member of the General Assembly, whether Senator, or Representative, shall have the right of appointing one student, in accordance with the foregoing provisions." [Emphasis added.]
You have indicated in your request that the intent of the law appears to be to allow each legislator to nominate a resident from the legislator's own district or parish. We do not find it necessary to express an opinion on the legislative intent. We merely observe that the highlighted portion of the 1884 Act quoted above obligates Tulane to honor a legislator's nomination of a resident of his/her own district, but does not expressly limit a legislator to only nominate a resident of his/her own district, nor prevent a legislator from nominating a student from outside his/her district. Your request states that there is no express prohibition against a legislator's nomination of a resident from another parish, and asks for clarification in that regard.
A subsequent amendment to the 1884 Act, which changed the above-quoted provisions of Section 6, provides the clarification you seek. Act 1982, No. 606, § 1 amended the process of nominations to the Tulane legislative scholarships as follows:
 "Besides the waiver of the claim, as aforesaid, as an additional consideration between the parties to this Act, the said Board agrees to give continuously, in the academic department, free tuition to students nominated by members of the legislature. Each member of the legislature shall have the right to nominate one student from among the citizens of the state. Each nominee shall comply with the requirements for admission established by said Board. The meaning of this provision being [sic] that each member of the General Assembly, whether Senator or Representative, shall have the right of appointing one student, in accordance with the foregoing provisions." [Emphasis added.]
Under the 1982 amendment, a legislator may nominate a student from among all residents of the state, within or outside his/her parish or district.
It is well established that all statutory enactments are presumed constitutional and every presumption of law and fact must be indulged in favor of legality. Moore v. RLCCTechnologies, Inc., 95-2621 (La. 2/28/96), 668 So.2d 1135; Faulv. Trahan, 1998-488 (La.App. 3 Cir. 10/7/98) 718 So.2d 1081,1087. Because a state statute is presumed constitutional, the party challenging the statute bears the burden of proving its unconstitutionality. State v. Brenan, 1999-2291 (La. 5/16/00)772 So.2d 64, 67. [Citations omitted.] We are unaware of any judicial declaration affecting the presumed constitutionality of the 1982 Act. We therefore construe the 1982 Act as a valid amendment to the 1884 Act.
Based on the above analysis, it is the opinion of this office that under Section 6 of the 1884 Act, as amended by Act 1982, No. 606, § 1, a legislator may nominate a student from among all residents of the state, within or outside his/her parish or district.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
With best regards,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: UMA M. SUBRAMANIAN ASSISTANT ATTORNEY GENERAL